LIGHT METALS, INC. *v.* REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 18,632. Filed May 9, 1955.]

414

*Sherwood Blue*, of Indianapolis, for appellant.

*Edwin K. Steers*, Attorney General, *William S. McMaster*, Deputy Attorney General, and *Robert A. Wilson*, of Cincinnati, Ohio, for appellees.

CRUMPACKER, J.—The appellee Marvin Gay, hereinafter referred to as the claimant, began this proceeding to secure unemployment benefits under the provisions of the Indiana Employment Security Act. When his claim was presented to the Review Board of the Employment Security Division he contended that for some time prior to March 1, 1954, he had been employed by the appellant as a molder and that on said date he was discharged "because on February 26, 1954, he became actively engaged in efforts to unionize" the appellant's employees. The appellant, on the other hand, contended that the claimant was discharged from his employment for misconduct in connection with his work and therefore not entitled to benefits without disqualification.

The record discloses that there was evidence before the board tending to prove the following facts: The appellant is engaged in the operation of a light metals foundry in Indianapolis, Indiana, in which the claimant had been employed as a laborer for approximately eight months prior to his discharge. He was absent from work because of an injured foot from December 15, 1953, to the middle of February, 1954. While so absent the appellant sent him a Christmas bonus check

of $3.00. Upon his return to work he talked to his fellow employees relative to said bonus and told them that he had given his check back to the appellant for its president to use to buy gasoline for his Cadillac. Two or three days later he told John Fellows, one of the appellant's employees, that Mr. Hargitt, the appellant's president, had told him that the company had made from $55,000 to $60,000 last year. The claimant, however, denied that he had told anyone that his information concerning the appellant's earnings came from its president, but on the contrary stated that such information was mere hearsay and repeated by him as such. There is evidence that the statement concerning the bonus check and the appellant's earnings are both false. When the appellant's president learned of these remarks attributed to the claimant he was called into the appellant's office and confronted with an employee who claimed to have heard him make them. He denied the charges and was thereupon discharged by the president because "he lied to me and about me."

Upon the above evidence the board entered the following:

"FINDINGS AND CONCLUSIONS: The Review Board finds that the claimant was employed by this employer as a laborer in its foundry and that he was discharged on March 1, 1954, because of remarks which he had made to fellow employees about the company's earnings during the prior year and also with respect to a Christmas bonus which he had received.

"The Review Board further finds that the claimant's remarks were possibly ill-advised but certainly do not disclose a wilful intent to injure his employer nor did he violate any standard of behavior which the employer has a right to expect of his employees. It is common knowledge that all employees are prone to 'gripe' about their earnings and it seems to be a rather trivial matter

over which to discharge an otherwise satisfactory employee.

"The Review Board further finds that the claimant was discharged on March 1, 1954, but that such discharge was not for misconduct in connection with his work and if otherwise eligible, he is entitled to his benefit rights without disqualification.

"DECISION: The Review Board holds that the claimant was discharged on March 4, 1954, but that such discharge was not for misconduct in connection with his work and if otherwise eligible, the claimant is entitled to benefit rights without disqualification."

The board having found that the remarks attributed to the claimant were actually made by him, it seems to us of vital importance to know their truth or falsity and where and upon whose time they were made, if we are to determine whether they constituted misconduct in connection with the claimant's work.

The board made no such finding and we therefore remand this case for further proceedings consistent with this opinion.

NOTE.—Reported in 126 N. E. 2d 493.